46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Irma Belinda Lugue VERGARA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70468.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1994.
Decided Jan. 9, 1995.
 
 Before: HUG, CANBY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The immigration judge denied petitioner the opportunity to depart voluntarily because of her use of fraud to violate the immigration laws. She appealed to the BIA, then to this court. We affirmed. Vergara v. INS, 91-70521, 1993 WL 385494 (9th Cir.1993) (unpublished disposition).
 
 
 3
 After the BIA denied her appeal, Ms. Vergara moved to reopen. She sought to apply for suspension of deportation. The Board denied that motion in May 1993. The denial of the motion to reopen is all we have before us. We are compelled to affirm, because of the BIA's broad discretion, and our narrow scope of review, for denials of motions to reopen. Castillo-Villagra v. INS, 972 F.2d 1017, 1023-24 (9th Cir.1992).
 
 
 4
 Ms. Vergara's first argument is that the BIA said "decision" in a context where the law says "hearing." The BIA was pointing out that if she had moved for reopening in 1989, she could have completed that litigation two years earlier than by waiting until 1991 to start it. The BIA's consideration of these facts is consistent with Doherty's admonition that motions to reopen in deportation proceedings are especially disfavored because "every delay works to the advantage of the deportable alien...." INS v. Doherty, 112 S.Ct. 719, 725 (1992).
 
 
 5
 Ms. Vergara's second argument is that the BIA erroneously stated that "[w]ith a waiver, the respondent may immigrate to this country in the future." We conclude that this is not error. The BIA did not determine that Ms. Vergara entered into a marriage that would, under 8 U.S.C. Sec. 1154(c), preclude her ability to obtain a waiver to re-enter this country. Although the BIA considered the circumstances of the marriage in exercising its discretion to deny the petition to reopen and earlier to deny voluntary departure, this does not necessarily mean it was determined to be a marriage that precludes immigration under 8 U.S.C. Sec. 1154(c). The statement of the BIA permitting reentry with a waiver indicates its determination that the marriage to Jesse Serna was not "entered into for the purpose of evading the immigration laws" within the meaning of 8 U.S.C. Sec. 1154(c). Ms. Vergara married Mr. Serna, a man she had dated for a year, and remained married to for him for over a year. The BIA opinion noted that "[t]he respondent states that she obeyed her mother's wishes as usual and married Jesse believing that the marriage might work." The facts justify the determination that with a waiver, future immigration into the United States is possible.
 
 
 6
 Rather than base its decision on the marriage, the BIA appears to have emphasized Ms. Vergara's fraudulent entry into the United States as the basis for denying her motion to reopen. Motions to reopen are disfavored as well as discretionary. Doherty, 112 S.Ct. at 724; Castillo-Villagra v. INS, 972 F.2d 1017, 1023-24 (9th Cir.1992). The BIA's "explanation of its decision was grounded in legitimate concerns about the administration of the immigration laws and was determined on the basis of the particular conduct" of Ms. Vergara. INS v. Rios-Pineda, 471 U.S. 444, 451-52 (1985). For that reason, we are required by law to affirm.
 
 
 7
 Ms. Vergara's third argument is that the BIA did not give enough weight to the psychologist's report she submitted. The BIA carefully considered and discussed the psychologist's report at pages 2-3 of its decision, and related it to the remainder of the hardship evidence.
 
 
 8
 Ms. Vergara's fourth argument is that the BIA did not carefully consider all her evidence. The BIA wrote a careful seven page single spaced opinion, consisting of thorough examination of her evidence and not boilerplate language. It considered all her evidence, then for permissible reasons exercised its discretion to deny her relief.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3